UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. 2: 16-cv-1555 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

1    (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
2    In reviewing a complaint under this standard, the court must accept as true the allegations of the
3    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
4    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
5    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6          Named as defendants are California Correctional Health Care Services ("CCHCS") and
7    the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff alleges that
8    defendant CCHCS contacted him to inform him of a security incident involving his personal
9    information. (ECF No. 1 at 4.)  Plaintiff alleges that an unencrypted laptop was stolen from a
10   CCHCS workforce member's personal vehicle.  (Id.)  Plaintiff alleges that the laptop contained
11   sensitive information including plaintiff's confidential medical, mental health and custodial
12   information including his social security number, driver's license number, vital statistics, etc.  (Id.
13   at 3-4.)  Plaintiff alleges that the stolen information has left him open to identity theft.

14         Plaintiff alleges violations of the Fourteenth Amendment, the Fourth Amendment,
15   California Code of Civil Procedure § 56.36 and California Health and Safety Code § 1280.15.

16         At the outset, the undersigned finds that plaintiff has standing to raise his claims.  See
17   Krottner v. Starbucks Corporation, 628 F.3d 1139, 1140 (9th Cir. 2010) (appellants, whose
18   personal information had been stolen, but not misused, had suffered an injury sufficient to confer
19   standing under Article III, Section 2 of the Constitution).

20         With respect to both his federal and state law claims, plaintiff failed to name a proper
21   defendant.  State agencies, such as CDCR and CCHCS, are immune from suit under the Eleventh
22   Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't
23   of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth
24   Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh
25   Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)
26   (Eleventh Amendment immunity extends to state agencies); see also Hafer v. Melo, 502 U.S. 21,
27   30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in
28   their individual capacities, nor does it bar suits for prospective injunctive relief against state

officials sued in their official capacities). The Eleventh Amendment bars lawsuits in federal court against states or their agencies on the basis of violations of state law, unless the state has specifically waived its sovereign immunity. See Pennhurst, 465 U.S. 89, 124–25 (1984). California has not waived its sovereign immunity.

Because plaintiff has not named a proper defendant, the complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he must name as defendants those officials responsible for the alleged disclosure of his private information.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

1  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
2  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
3  Failure to file an amended complaint in accordance with this order may result in the dismissal of
4  this action.
5  Dated:  August 15, 2016

```
_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE
```

Ellis1555.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>        Defendants. | No. 2: 16-cv-1555 GEB KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____  Amended Complaint

DATED:

_____
Plaintiff