UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. 2:16-cv- 1555 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 9.) For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

Named as defendants are California Correctional Health Care Services ("CCHCS") Deputy Director Lewis and Dr. Matolon. Plaintiff alleges that on May 16, 2016, he received a "Notice of Data Breach" from defendant Lewis. The notice stated that on April 25, 2015, defendant Lewis identified a *potential* breach of plaintiff's personal information. Defendant Lewis informed plaintiff that a laptop computer, containing plaintiff's confidential medical, mental health and custodial information had been stolen from defendant Matolon's personal

1

vehicle. Defendant Lewis informed plaintiff that he had taken steps to mitigate these types of events by providing information security training for staff and reinforcing information security practices. Plaintiff alleges that defendant Lewis later informed him that his personal and confidential information was released to an unauthorized party.

Plaintiff alleges that the alleged disclosure of his private information violated the Fourteenth and Fourth Amendments. Plaintiff also alleges that the alleged disclosure of his private information violated California Code of Civil Procedure § 56.36 and California Health and Safety Code § 1280.15.

The undersigned observes that the court has received several complaints from inmates alleging the potential disclosure of confidential information as a result of the theft of the laptop from the vehicle of a CCHCS employee, identified by plaintiff as defendant Matolon. As far as the undersigned is aware, in all of the other cases, the inmates alleged that they were informed of a "potential" breach of information. The inmates were informed that CCHCS did not know whether any sensitive information was contained in the laptop and, even if it was, it was not known whose information may have been included.[1]

A plaintiff whose personal information has been stolen, but not misused, has standing to raise a Fourth Amendment claim. See Krottner v. Starbucks Corporation, 628 F.3d 1139, 1140 (9th Cir. 2010) (appellants, whose personal information had been stolen, but not misused, had suffered an injury sufficient to confer standing under Article III, Section 2 of the Constitution). As far as the undersigned is aware, all of the other cases filed in this court by inmates regarding the stolen laptop have been dismissed for lack of standing because no inmate alleged that their information was actually stolen. Instead, the inmates alleged that CCHCS informed them that their confidential information may have been stolen, i.e., a "potential" breach of information. Many inmates attached to their complaints copies of the letters from CCHCS containing this information.

---

[1] For example, see Hoffman v. CCHCS, 2: 16-cv-1691 MCE AC P (ECF No. 8 at 3 (the notification to the plaintiff stated that it was unknown if any sensitive information was contained on the laptop).

2

In the amended complaint, plaintiff alleges that defendant Lewis notified him of a "potential breach" of plaintiff's personal information. (ECF No. 9 at 11.) Plaintiff goes on to allege that the laptop contained plaintiff's confidential, personal information. (Id.)

Plaintiff's claim that defendant Lewis informed him of a "potential" breach is consistent with the claims raised by inmates in the other, related cases, who alleged that they were informed that CCHCS did not know whether any sensitive information was contained in the laptop. However, plaintiff also alleges that the laptop contained his personal information. It is not entirely clear whether plaintiff is claiming that defendant Lewis informed him of a "potential" breach of information, i.e., CCHCS informed plaintiff that his confidential information may have been on the laptop, or whether defendant Lewis informed plaintiff of an "actual" breach, i.e., CCHCS informed plaintiff that the laptop contained his personal information. Accordingly, the amended complaint is dismissed so that plaintiff may clarify this point. Without this information, the undersigned cannot determine whether plaintiff has standing to raise his Fourth Amendment claim against defendant Matolon. If plaintiff files a second amended complaint, he should include the communication he received from defendant Lewis regarding the alleged breach of information.

The undersigned also finds that plaintiff has not stated a potentially colorable Fourth Amendment claim against defendant Lewis. Plaintiff does not allege how defendant Lewis caused his personal information to be disclosed. Plaintiff does not allege, for example, that defendant Lewis participated in defendant Matolon's removal of the laptop from the prison to his car, from where it was taken. Plaintiff instead alleges that defendant Lewis informed plaintiff that he, defendant Lewis, had taken steps to prevent such an event from occurring, such as by providing information security training.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff has failed to link defendant Lewis to the alleged deprivation, the Fourth Amendment claim against defendant Lewis is dismissed.

Plaintiff alleges that defendants violated the Fourteenth Amendment when they "took steps to inflict intentional mental and emotional injury" by not protecting his information.

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014), citing Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344,

347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

Plaintiff has pled no facts suggesting that defendants intentionally caused the loss of his personal information. Instead, the allegations suggest that the alleged loss of his personal information was a result of negligence. Accordingly, plaintiff does not state a potentially colorable due process claim.

The complaint also alleges violations of California's Confidentiality of Medical Information Act ("CMIA") and California Health and Safety Code § 1280.15. The CMIA authorizes a suit for money damages by "an individual...against a person or entity who has negligently released confidential information or records concerning him or her...." Cal. Civ. Code § 56.36(b). Because plaintiff has not stated a cognizable claim for relief under federal law, the undersigned need not consider plaintiff's claim pursuant to CMIA.

California Health and Safety Code § 1280.15, on the other hand, does not appear to authorize a private action, but requires notification of any unlawful or unauthorized access of a patient's medical information and authorizes the State Department of Health Services to issue administrative penalties for failing to prevent such access. Accordingly, plaintiff has not stated a potentially colorable claim pursuant to this section.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No. 9) is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

Dated: April 10, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ell1555.ame